SCANNED AT MENARD and E-mailed

1-2-4-13 by _BB_ _92_ pages
date          initials   No.

# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

SHEROME Griffin _____ )   Prisoner No:   R-45559 _____
          Petitioner                          )
(the name under which you were convicted)      )
                                               )   Case Number:  13-1252-DR4
          v.                                   )                 _____
RICK HARRINGTON _____ )                 (To be supplied by Clerk's Office)
          Respondent                           )
(authorized person having custody of Petitioner) )   Place of Confinement: MENARD CORRECTIONAL CTR.

## PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging:
    CIRCUIT COURT OF COOK COUNTY CRIMINAL DIVISION 2650 S.
    CALIFORNIA AVE
    (b)  Criminal docket or case number: 04-CR-8865 (01)
    CHICAGO, IL
    60608

2.  (a)  Date of the judgment of conviction: JUNE 9, 2005

    (b)  Date of sentencing: JULY 15, 2005

    (c)  Date of trial or plea: JUNE 6, 2005

3.  Length of sentence: 50 YEARS  REDUCE TO 42 YEARS

4.  In this case, were you convicted on more than one count or of more than one crime? ■ Yes ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    1ST DEGREE MURDER, ARMED ROBBERY, 2 COUNTS OF
    AGGRAVATED KIDNAPPING, UNLAWFUL USE OF A WEAPON
    BY A FELON.

    "EVIDENTARY HEARING"
    REQUESTED

(Rev. 4/2010)                       -1-

6.    (a)    What was your plea?

☑ Not guilty          ☐ Nolo contendere (no contest)
☐ Guilty              ☐ Insanity plea

(b)    If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, to which counts did you plead guilty and to which did you plead not guilty?

(c)    If you went to trial, what kind of trial did you have?      ☑ Jury      ☑ Judge only

*Judge Determine Sentence*

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?      ☑ Yes      ☐ No

8.    Did you appeal from the judgment of conviction?      ☑ Yes      ☐ No

9.    If you did appeal, answer the following:

(a)    Name of court: *Appellate Court of Illinois First Judicial District  1st District Third Division*

(b)    Docket or case number: *04 CR 8865(04) / Appellate Docket No#*

(c)    Result: *Affirmed in Part, Vacated in Part  1/05/2081  Cause Remanded with Direction*

(d)    Date of result: *August 15, 2007*

(e)    Citation to the case: *People v Griffen, 375 Ill. App. 3d 564 (2007).*

(f)    Grounds raised: *(I.) Inadmissible prior consistent statements made by Anthony Thomas were improperly introduced and used to bolster his testimony (II.) Defendant Armed Robbery conviction should be vacated because it was the predicate for his Murder Conviction on a felony-Murder Basis (III.) Review is warranted to determine whether due process is violated if the remand for consecutive sentence results in a greater aggregate prison term for a defendant exercising his rights to appeal.*

(g)     Did you seek further review by a higher state court?          ☒  Yes        ☐
                                                                            No

If YES, answer the following:

(1)     Name of court: Supreme Court of Illinois

(2)     Docket or case number: No # 105456

(3)     Result: Denied THE PETITION for LEAVE TO APPEAL

(4)     Date of result: November 29, 2007

(5)     Citation to the case: PEOPLE V GRIFFIN  375 ILL. App. 3D 564 (2007).

(6)     Grounds raised (I.) LEAVE TO APPEAL SHOULD BE GRANTED to
        REVIEW THE APPELLATE Court Holding THAT A PRIOR
(SEE Attached PAGE) CONSISTENT STATEMENT is Admissible IF It is Contained ON A
(h)     Did you file a petition for certiorari in the United States Supreme Court?   TAPE RECording
                ☐  Yes            ☒  No

If YES, answer the following:

(1)     Docket or case number:

(2)     Result:

(3)     Date of result:

(4)     Citation to the case:

10.  Other than the direct appeals listed above, have you previously filed any other post-conviction
     petitions, applications, or motions concerning this judgment of conviction in any state court?
                ☒  Yes            ☐  No

11.  If your answer to Question 10 was YES, give the following information:

(a)     (1)     Name of court: CIRCUIT Court of Cook County CRIMINAL Division

        (2)     Docket or case number: 04 CR 8865 (01)

        (3)     Date of filing: December 1, 2010

        (4)     Nature of the proceeding: Denied ON Jan 3, 2011

G, 6(Continued ).
Page 3. Ground raised


II. This court should grant review to determine whether the
    Appellate court should have vacated·defendant armed robbe-
    ry conviction where defendant was convicted of felony
    murder predicated on armed robbery while the jury did not
    receive seperate verdict forms, felony murder was the only
    available theory where the jury also found defendant did
    not discharge the murder weapon.

III.
    Review is warranted to determine whether Due Process is
    violated if the remand for consecutive sentence results
    in a greater aggregate prison term for a defendant exer-
    cising his right to appeal.

(5) Grounds raised: THE PETITIONER WAS DENIED HIS RIGHTS TO A FAIR TRIAL AS Afforded HIM UNDER THE 14th AMENDMENT of THE UNITED STATES CONSTITUTION WHEN THE TRIAL Court INSTRUCTED JURY ON ACCOUNTAbility WHEREAS DURING THE COURSE of THE PROCEEDING AND TRIAL, PETITIONER WAS TRIED AS BEING THE PRINCIPAL         (SEE ATTACHT PAGE).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes          ∎ No

(7) Result: DENIED ON POST CONViction AS WITHOUT MERIT

(8) Date of result: JAN 3, 2011

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: CIRCUIT Court of COOK COUNTY CRIMINAL DIVision

(2) Docket or case number: 04 - CR- 8865 (01)

(3) Date of filing:

(4) Nature of the proceeding: PENDING 2-1401 RELIEF from Judgment

(5) Grounds raised:- VOID Judgment under Indictment Being CHARGE AS 720 ILCS 5/9-1(A)1 AS OPPOSED to Being CONVICTED under 720 ILCS 5/5-2 (C), MATTER of facts Before THE Court lack of Jurisdiction THEREOF Defects In CHARGing INSTruments. Disparate SENTENCE STATE failed to prove who Actually KILLED THE Victim,

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes          ☐ No

(7) Result:

(8) Date of result:

Ground Raised (Continued)
Page 4, (5).


II. Petitioner was denied his rights afforded him under the 5th
    Amendment of the United States Constitution where petitioner
    was coerced to confess to the crime by Detectives and wasn't
    corrborated with the evidence at trial.


III.
    6th Amendment violation, Petitioner Appellate Counsel was in-
    effective for neglecting to raise trial counsel's error in
    failing to ensure that the jury receive seperate verdict forms
    for intentional murder and felony murder.

(c)    If you filed any third petition, application, or motion, give the same information:

    (1)    Name of court:

    (2)    Docket or case number:

    (3)    Date of filing:

    (4)    Nature of the proceeding:

    (5)    Grounds raised:

    (6)    Did you receive a hearing where evidence was given on your petition, application, or motion?
           ☐  Yes         ☐  No

    (7)    Result:

    (8)    Date of result:

(d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒  Yes         ☐  No

    Result: ONly oN ISSUES of INEFFECTIVE ASSISTANCE of Appellate And Trial Counsel

    (2) Second petition:  ☐  Yes         ☐  No

    Result:

(3) Third petition: ☐ Yes ☐ No

Result:

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

THERE WAS MULTIPLE ISSUE'S RAISED ON POST-
CONVICTION JUDGE LINN ONLY RULE ON Accountability
AND NO SUMMARY ORDER, APPELLATE AZZORNEY
CONCLUDED THAT INEFFECTIVE WAS THE ONLY
ISSUE WHICH HAD MERIT. APPELLATE COURT
MENTION Accountability AND THE CONFESSION
ON DIRECT APPEAL THE STATE BRIEF FULLY Address
PETITIONER BEING FOUND GUILTY UNDER Accountability
PRINCIPLE, WHERE Appellate defendant FAILED to
ARGUE OTHERWISE IN REPLY.
ON POST-CONVICTION PETITIONER MADE
Attempts to HAVE APPELLATE COUNSEL RAISE
THE ISSUE ON POST BUT STATED THE following
SEE Attached

 EXHIBIT "C-3



### OFFICE OF THE STATE APPELLATE DEFENDER
#### FIRST JUDICIAL DISTRICT

203 North LaSalle Street • 24th Floor
Chicago, Illinois 60601
Telephone: 312/814-5472 • Fax: 312/814-1447
www.state.il.us/defender • E-mail: 1stDistrict@osad.state.il.us

January 19, 2012

**MICHAEL J. PELLETIER**
STATE APPELLATE DEFENDER

**ALAN D. GOLDBERG**
DEPUTY DEFENDER

**JAMES E. CHADD**
ASSISTANT DEPUTY DEFENDER

**LINDA OLTHOFF**
ASSISTANT APPELLATE DEFENDER

Mr. Sherome Griffin
Register No. R45559
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

RE: **Appellate Court No. 1-11-0299**

Dear Mr. Griffin:

After our conversation today, I reviewed the case that you mentioned to me, *People v. Garrett*, 401 Ill. App. 3d 238 (1ˢᵗ Dist 2010). The defendant in that case was acquitted of first degree murder based on accountability because the State did not prove that *any* of the defendants had shot and killed the victim. Garrett could not be held accountable where the State did not prove that anyone had committed the murder.

There was not a similar lack of evidence in this case, and therefore, there is not a basis to challenge your conviction based on accountability.

If you have any further questions, please feel free to write. You should be receiving a copy of the brief that I intend to file for you with a week or two.

Sincerely,

LINDA OLTHOFF
Assistant Appellate Defender

**GROUND ONE:** INADMISSIBLE PRIOR CONSISTENT STATEMENTS MADE BY ANTHONY THOMAS WERE IMPROPERLY INTRODUCED and USED to

(a)   **Supporting facts:** BOLSTER HIS TESTIMONY.

STATE BASED THERE CASE PARTICULAR ON ANTHONY THOMAS ACCOUNTS WHICH HE CLAIM TO HAVE GAIN KNOWLEDGE FROM PETITIONER HE DECIDED TO COME FORTH AFTER HE FACED CHARGES AGAINST HIMSELF, PROSECUTOR EVEN WENT AS FAR TO INTRODUCING THEM STATEMENTS AS CORROBORATING EVIDENCE WHICH WAS TOTALLY Contradicting (SEE ATTACH PAGE Ground ONE).

(b)   If you **did not exhaust** your state remedies on Ground One, explain why:

(c)   **Direct Appeal of Ground One:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?
          ☒ Yes   ☐ No

   (2)   If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

   (1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
          ☐ Yes   ☒ No

   (2)   If your answer to Question (d)(1) is YES, state:

          Type of motion or petition:

          Name and location of the court where the motion or petition was filed:

          Docket or case number:

          Date of the court's decision:

GROUND ONE, CONTINUED PAGE 8

BASED ON THE OUTCOME AT TRIAL, THOMAS STATEMENT WAS USED TO BOLSTER HIS CREDIBILITY CRITICAL TO THE STATE CASE. THE ERRONEOUS ADMISSION of PRIOR CONSISTENT STATEMENTS of THOMAS WAS A MATERIAL FACTOR IN PETITIONER CONVICTION IN VIOLATION of THE 14TH AMENDMENT.

GROUND ONE ADDITIONAL PAGE ONE.

Result (attach a copy of the court's opinion or order, if available):
Attached)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is YES, state: ILLINOIS

Name and location of the court where the appeal was filed: APPELLATE Court of
ILLINOIS First Judicial District 1st District Third
Docket or case number: 1/05/2481 / 04-CR-8865(01)    Division

Date of the court's decision: August 15, 2007

Result (attach a copy of the court's opinion or order, if available):
Attached

(7) If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** DEFENDANT ARMED ROBBERY CONVICTION SHOULD BE VACATED BECAUSE IT WAS THE PREDICATE for HIS MURDER CONVICTION

(a) **Supporting facts:** ON A FELONY-MURDER BASIS.

PETITIONER WAS TRIED UNDER MULTIPLE THEORIES INTENTIONAL, KNOWING, STRONG Probability, and FELONY-MURDER, THE MOST Sought out AND PROCEEDED UPON WAS INTENTIONAL BASED ON STATE EVIDENCE HOWEVER ULTINATELY THE Jury dEtERMINE AFTER REVIEW THAT PETITIONER did NOT CAUSE THE Victim DEATH. WHICH STATE BASED THERE CONVICTION ON FELONY-MURDER

(b) If you **did not** exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      ☑ Yes      ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☑ Yes      ☐ No

   (2) If your answer to Question (d)(1) is YES, state: ILLINOIS

   Type of motion or petition: POST-CONVICTION

   Name and location of the court where the motion or petition was filed: CIRCUIT Court of Cook COUNTY CRIMINAL DIVISION

   Docket or case number: 04-CR-8865(01)      2650 S. California CHICAGO, IL 60608

   Date of the court's decision: JAN 3, 2011

GROUND TWO
PAGE 10

Supporting facts continued:

Moreover Exclude INTENTIONAL, Knowing, strong probability because the predicate felony underlying a charge of felony-murder is a lesser-included offense of the felony murder, the felony cannot support a seperate conviction or sentence. (Which happen during sentencing and resentence. If petitioner was found Guilty of intentional or Knowing murder, a seperate conviction and sentence could be imposed for the predicate felony and the sentence for that felony would be imposed consecutively to the sentence for murder which clearly happen in this matter.

The general verdict was a finding of felony Murder which due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction.

GROUND TWO CONTINUED
PAGE TWO

PROSECUTORS CLEARLY **CHANGE** THERE APPROACH FROM
INTENTIONAL to FELONY- MURDER WHICH THEY ALSO
ARGUE THAT I WAS PART OF A GROUP WHICH
SOMEONE CAUSE MR. GILLS DEATH, STATE BRIEF
ESTABLISH PETITIONER BEING CONVICTED of
ACCOUNTABILITY WHICH ALSO IS UNWARRANTED.
STATE FAILED TO ESTABLISH NOT ONLY THAT THE Murder
OCCURED IN THE COURSE of ONE of VARIOUS
SPECIFIED FELONIES, But ALSO THAT IT WAS
COMMITTED "By THE Defendant and Not By ANOTHER
PARTY to THE CRIME, WHICH Judge STATED DuRING
SENTENCING.

UNDER THE FACTS SET FORTH IN THE RECORD THE
SUBSTANTIAL RIGHTS GUARDED UNDER THE 14ᵗʰ
AMENDMENT WAS INDEED VIOLATED.

Ground Two Continued
PAGE 2

Result (attach a copy of the court's opinion or order, if available):

Attach No# 1- 05- 2481 Direct Appeal
2012 IL App (4st) 170299-U Post Conviction

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
☑ Yes ☐ No

(6) If your answer to Question (d)(4) is YES, state: IL 2

Name and location of the court where the appeal was filed: first Judicial District Appellate Court of Illinois 1st District Thong Division

Docket or case number: 04 CA 886501)

Date of the court's decision: December 5, 2012

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two.

Ground Two was a issue totally different from Direct Appeal, on Post Conviction it was Raised as Trial And Appellate counsel Ineffective for not Raising the concern of separate verdict forms during trial.

**GROUND THREE:** REVIEW IS WARRANTED to determine WHETHER DUE PROCESS IS VIOLATED IF THE REMAND for CONSECUTIVE SENTENCE RESULTS IN A GREATER AGGREGATE PRISON TERM

(a) **Supporting facts:** for A defendant EXERCISING HIS RIGHT TO Appeal.

STATE ELECTED TO CROSS-APPEAL ON A MATTER WHICH WAS NEVER proven To EXSIST By pursuing THIS STATUTE 730 ILCS 5/5-8-4 (A)(I) WHICH Petitioner SENTENCE WAS VOID UNDER CONCURRENT AND CONSECUTIVE WAS INAppropriately AttacH WHICH SUBJECT Petitioner
(CONTINUE AttacH PAGE)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        ☒ Yes        ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        ☐ Yes        ☒ No

    (2) If your answer to Question (d)(1) is YES, state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number:

        Date of the court's decision:

GROUND THREE CONTINUED
PAGE 12

Supporting facts: To Double punishment and Due Process Violation. A harsher sentence was imposed which exceeded the original 42 years imposed. A product of Judicial Vindictiveness that Due Process is denied. 5th and 14th Amendment. (See argument State Appellate Attorney Suggested St. Brief Page 38 # 05-2481).

CONTINUED PAGE
Ground 3 Page 4

Result (attach a copy of the court's opinion or order, if available):

*Attach*

(3)    Did you receive a hearing on your motion or petition?    ☐ Yes  ☒ No

(4)    Did you appeal from the denial of your motion or petition? ☒ Yes   ☐ No

(5)    If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
    ☒ Yes     ☐ No

(6)    If your answer to Question (d)(4) is YES, state: *ILLINOIS*

Name and location of the court where the appeal was filed: *Appellate Court of Illinois First Judicial District 1st District Third Division*

Docket or case number: *1/05/2981 / 04-CR-8865(01)*

Date of the court's decision: *November 15, 2007*

Result (attach a copy of the court's opinion or order, if available):

*Attach*

(7)    If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

5TH AND 14TH AMENDMENT WHERE TRIAL COURT INSTRUCTED JURY

**GROUND FOUR:** ON ACCOUNTABILITY WHEREAS DURING THE COURSE OF THE PROCEEDING AND TRIAL PETITIONER WAS TRIED AS BEING THE

(a) **Supporting facts:** PRINCIPAL AGENT.

PETITIONER WAS TRIED PROSECUTED WITH THE SHOOTING DEATH OF WALTER GILLS, ACCOUNTABILITY BECAME RELEVANT TO STATE. CASE DURING JURY CONSTRUCTIONS, STATE SOUGHT CAPITAL PUNISHMENT AND THAT DEFENSE ATTORNEY HAD TO BE QUALIFIED TO HANDLE SUCH LITIGATION, SEPERATING PROCEEDINGS FROM CO-DEFENDANTS.

(b) If you **did not** exhaust your state remedies on Ground Four, explain why:
ON DIRECT APPEAL APPELLATE COUNSEL ELECTED NOT TO RAISE ISSUE BASE ON ACCOUNTABILITY DUE TO IT NOT HAVING MERIT, HOWEVER STATE APPELLEE ARGUE ACCOUNTABILITY IN IT'S BRIEF, BUT ISSUE WASN'T REBUTTED BY ATTORNEY ON REPLY. ON POST-CONVICTION APPELLATE COUNSEL STATED THAT MY CONVICTION HAD NO ACCOUNTABILITY ISSUE. (SEE ATTACH PAGE.)

(c) **Direct Appeal of Ground Four:**
   (1)   If you appealed from the judgment of conviction, did you raise this issue?
            ☐ Yes            ☑ No

   (2)   If you did not raise this issue in your direct appeal, explain why:
            APPELLATE COUNSEL AUTHORITY

(d) **Post-Conviction Proceedings:**
   (1)   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
            ☑ Yes            ☐ No

   (2)   If your answer to Question (d)(1) is YES, state: ILLINOIS

   Type of motion or petition: POST-CONVICTION

   Name and location of the court where the motion or petition was filed: COOK COUNTY
   CIRCUIT COURT
   CRIMINAL DIVISION
   2650 S. CALIFORNIA
   CHICAGO, IL
   60608

   Docket or case number: 04-CR-8865 (01)

   Date of the court's decision: JAN 3, 2011

Ground 4, Continued
PAGE 14

Supporting facts Continued;

ESTABLISHING Petitioner AS THE PRINCIPAL AFTER THE
PRESENTMENT of EVIDENCE And TESTIMONY STATE SOUGHT
Accountability And Argued It During Closing Argument;
IN VIOLATION of 5th And 14th Amendment, ONCE A
Petitioner GUILT AS A PRINCIPAL Has BEEN
INCORPORATED Through His own Conduct or Behavior
THERE'S NO Longer REASONABLE to Convict a Defendant
AS THE PRINCIPAL and THE ACCOMPLICE. PETITIONER
WAS CONVICTED And SENTENCE for A CRIME NEVER
CHARGE iN His INDICTMENT.

BECAUSE Accountability PromulGate NECESSARY
ELEMENTS of THE offense. It should of BEEN charged
In THE Indictment and Proven BEyond A REASONABLE
DoUBT. ON DiRECT APPEAL APPELLATE Counsel
failed to address THE ISSUE. (STATE BRIEF
# 06-2481 PAGE 36, 37, 38). Clearly set forth That
Petition failed TO address THE ISSUE of THE
INSTRUCTION AND INDICTMENT.


Ground 4 Continued

Ground 4 Continued

Supporting facts Continued:

ON POST- CONVICTION Judge gave Opinion AS TO THE MATTER (EXH C-1) AS APPELLATE COUNSEL STATED PETITIONER CONVICTION WAS NOT BASED ON Accountability. (SEE EXH C-2). PETITIONER HAD NO Opportunity to DEFEND SUCH THEORY, WHICH Accountability IS INAPPLICABLE UPON THE ELEMENTS SET forth IN THE RECORD. IN order for THAT STANDARD to APPly, STATE HAS to ESTABLISH WHOM CAUSE THE VICTIM DEATH WHICH is lACKING IN THIS CAUSE of Action. Petitioner RIGHTS WERE violated under THESE principles.

Ground 4 Question (B) Page 14 Cont:

AND Petitioner MADE Attempts to GET Counselor To put forth ISSUE IN Post-Conviction Appeal Appellate Court Address IN OPINION.

GROUND 5.

PETITIONER 5th AMENDMENT RIGHTS VIOLATED
WHERE HIS CONVICTION WAS OBTAINED THROUGH
COERCION AND USED DURING TRIAL, WHICH ALSO
LACK CORROBORATION OF EVIDENCE PRESENTED AT
TRIAL.

Supporting facts: THROUGHOUT THE RECORD PETITIONER
CLEARLY STATED THAT HE WAS FORCED TO CONFESS, THAT
IF HE DIDN'T THAT HIS BROTHER would BE CHARGE.
DURING SUPPRESSION HEARING DETECTIVE'S JUSTIFIED THERE
ACTIONS By CLAIMING MIRANDA WARNING, AND THAT
PETITIONER WAS TREATED fairly.

PETITIONER GRIFFIN WAS QUESTIONED A YEAR AFTER
THE CRIME HAPPEN HELD TWO DAys THEN RELEASE.
Before Attorney ASK Why didn't the Petitioner Confess
THEN? WHY NOW? Trial Judge denied Motion due
TO LACK of Credibility. DETECTIVES Contradict HIS
STory as WELL Contents Contained IN THE Confession
It Didn't Corroborate with Evidence STATE produced.

Ground 5, Continued page 1

Ground 5 Continued

PETITIONER WAS NOT ALLOWED TO CONSULT
With Attorney, family OR USE THE RESTROOM.
food CAME THE NEXT DAY After BEING HELD
14 1/2 Hours. It WAS documented After 1AM
according to detective TESTimony.

Defense Attorney REVISTED THE ISSUE of THE
CONFESSION DURING Post-TRIAL MOTION THAT Judge
Should of SUPPRESS CONFESSION BECAUSE THE Jury
DISREGARDED THE Contents, Most Importantly
PETITIONER Account of HIM Shooting THE Victim.
STATEMENT WAS NOT Admissible and deprive THE
Petitioner a fair TRIAL

Ground 5 CONT

GROUND 6, CONTINUED

6ᵗʰ AMENDMENT VIOLATION

PETITIONER APPELLATE COUNSEL AND TRIAL COUNSEL
INEFFECTIVE, APPELLATE NEGLECTED to RAISE TRIAL
COUNSEL ERROR IN FAILING TO ENSURE THAT THE
JURY RECEIVE SEPERATE VERDICT forms for
INTENTIONAL MURDER AND felony - MURDER.

Supporting facts:

PETITIONER COUNSELOR WAS INEFFECTIVE for
failing to REQUEST SEPERATE JURY forms SO THAT THE
JURY WILL AVOID AN IMPROPER SCENARIO. THIS PERFORMANCE
Couldn't SERVE AS AN STRATEGIC MOVE DUE TO THE
RECEIVING of CONSECUTIVE SENTENCE. THROUGH
ARGUMENT from STATE BRIEF TRIAL COUNSEL INADEG-
UATE PERFORMANCE INEIL THE REASONABLE STANDARDS
of Protecting THE Petitioners RIGHTS UNDER THE
U. S. C. A 6ᵗʰ

Ground 6  CONT ON NEXT PAGE

GROUND 6 CONT:

PETITIONER MADE SEVERAL ATTEMPTS TO
APPELLATE COUNSEL TO RAISE INEFFECTIVE
ASSISTANCE OF COUNSEL WHERE HE (PETITIONER)
WAS ADVISED TO 'OR MAY BE WORTHY ON
POST-CONVICTION ALSO ON NUMEROUS ISSUES.
APPELLATE COUNSEL FAILED TO ADEQUATELY REPRESENT
PETITIONER ON DIRECT APPEAL.

Ground 6. Continued Page 2.

Result (attach a copy of the court's opinion or order, if available):

*Attach 2012 IL. App (1st)*
*110299-U*

(3)    Did you receive a hearing on your motion or petition?   ☐ Yes  ■ No

(4)    Did you appeal from the denial of your motion or petition? ■ Yes  ☐ No

(5)    If your answer to Question (d)(4) is YES, did you raise this issue in the appeal?
    ☐ Yes      ■ No

(6)    If your answer to Question (d)(4) is YES, state:

Name and location of the court where the appeal was filed:

Docket or case number:

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)    If your answer to Question (d)(4) or Question (d)(5) is NO, explain why you did not
raise this issue: *APPELLATE COUNSEL DECISION*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

*2-1401 (f) Relief of Judgment*

14. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          ☐ Yes          ☑ No

If your answer is NO, state which grounds have not been so presented and give your reason(s) for not presenting them: Grounds 4 And 5

BOTH ISSUES WAS RAISED ON POST-CONVICTION STAGES, HOWEVER Judge JAMES B. LINN only address Accountability APPELLATE Attorney Mrs Linda Olthoff decided To only RAISE INEFFECTIVE ASST of APPELLATE and TRIAL Counsel In spite of THE Circuit Court Ruling on Accountability PETITION MADE ATTEMPTS to get Counselor To RAISE multiple Issues which was Raised On THE Post Conviction

<div style="float:left">SEE Attach pgs 6</div>

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Grounds 4 & 5 was Address On THE State Court

15. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?          ☑ Yes          ☐ No

If YES, state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. PENDING CIRCUIT Court of COOK County Criminal Division 2650 S. California CHICAGO, Illinois 60608 CASE No# 04-CR-8865 (01)
          RELIEF from Judgment   2-1401
                    (SEE Attach Page)

16. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?          ☑ Yes          ☐ No

If YES, state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. CIRCUIT Court of COOK County Criminal Division 2650 S. California Ave CHICAGO IL, 60608   CASE No# 04CR8865
                    RELIEF from Judgment   (01)
                    2-1401   (SEE Attach Page)

' QUESTIONED  14(A) CONTINUED FROM PAGE 16)

STATEMENT WAS RAISED And ADDRESS in A
PRE-TRIAL HEARING WHICH TRIAL ATTORNEY
ARGUED THAT IT WAS inAdmissible UNDER
THE Product of COERCION, Also COUNSELOR
FROM (TRIAL) ADDRESS iN PoST-TRIAL/SENTENCING
THAT CONFESSION SHould of BEEN SUPPRESS
following THE RESULTS of THE TRIAL.
ACCountAbility WAS ArguEd on DirECt Appeal
By THE STATE APPELLATE ATTORNEY.

ISSUE'S RAISED In 2-1401 RELIEF from
JudgMENT: VoID Judgment under Indictment BEING
CHARGE AS 720ILCS 5/9-1(A)-1 AS opposed to BEING
ConviCted under 720 ILCS 5/5-2(C).
MATTER of FACTS BEforE THE Count LACK of
Jurisdiction THERECOF DEfects in CHArging
InSTRUMENTS. DispArAte SENTENCE STATE FAILED
To Prove Who ACtually KILLED THE Victim, howEver
2 Co-defendants RECEive 28 years EACH under
accountAblE ACtion But Petitioner RECEIVE 50 years
Later Reduce to 42 years under SOME ACTS.

17. Give the name and address of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)   At preliminary hearing: LAWRENCE VANCE & ASSOCIATES    60 W. RANDOLPH STREET   SUITE 200   CHICAGO, IL 60601

    (b)   At arraignment and plea: SAME AS ABOVE

    (c)   At trial: LUTHER HICKS. 2650 S. CALIFORNIA AVE. CHICAGO, IL 60608   773-869-3217

    (d)   At sentencing: SAME AS ABOVE

    (e)   On appeal: SHAWN O'TOOLE   OFFICE OF THE STATE APPELLATE DEFENDER   FIRST Judicial District   203 North LaSalle Street 24TH flr   CHICAGO, IL 60601

    (f)   In any post-conviction proceeding: Linda Olthoff

    (g)   On appeal from any ruling against you in a post-conviction proceeding: Linda Olthoff   SAME AS ABOVE

18. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes      ☒ No

    (a)   If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b)   Give the date the other sentence was imposed:

    (c)   Give the length of the other sentence:

    (d)   Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ☐ Yes      ☐ No

In light of the foregoing, Petitioner asks the Court to grant the following relief:

PETITIONER RESPECTFULLY REQUEST THAT THIS
HONORABLE COURT GRANT HIM AN EVIDENTIARY
HEARING WITH RESPECT TO THE GROUNDS CONTAINED
THEREIN. PETITIONER FURTHER REQUESTS THAT
THIS HONORABLE COURT GRANT RELIEF ON THIS
PETITION . AND ORDER HIS DISCHARGE FROM
CUSTODY FORTHWITH.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that
this petition was placed in the prison mailing system on        **2013** .
                                                        (month, date, year)

Signed on: **DECEMBER 4 2013**
                (date)

**P.O. BOX 1000**
        Street Address

**Menard, IL 62259**
        City, State, Zip

_____
Signature of Petitioner

**SHERONE GRIFFIN**
        Printed Name

_____
Signature of Attorney (if any)

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not
signing this motion.